VORYS, SATER, SEYMOUR and PEASE LLP
Cory D. Catignani (Bar No. 332551)
cdcatignani@vorys.com
Emily A. Papania (Bar No. 325027)
eapapania@vorys.com
4675 MacArthur Court, Suite 700
Newport Beach, CA 92660
Telephone: 949-526-7904
Facsimile: 949-383-2385

Attorneys for Defendant
STERLING JEWELERS INC.; STERLING JEWELERS INSURANCE AGENCY INC.; SIGNET JEWELERS LIMITED

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEONARD P. MALDONADO,<br><br>Plaintiff,<br><br>v.<br><br>STERLING JEWELERS INC., a California Corporation; STERLING JEWELERS INSURANCE AGENCY INC., a California Corporation; STERLING JEWELERS, INC. DBA KAY JEWELERS, an Unknown Entity; KAY JEWELERS, an Unknown Entity; SIGNET JEWELERS LIMITED, an Unknown Entity and DOES 1-100, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1332(a), 1441, AND 1446**<br><br>[Diversity Jurisdiction]<br><br>Action Filed: February 18, 2021<br><br>[Removed from Orange County Superior Court, Case No. 30-2021-01185124-CU-WT-CJC] |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF LEONARD P. MALDONADO AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Sterling Jewelers Inc., Sterling Jewelers Insurance Agency Inc., and Signet Jewelers Limited ("Defendants") hereby remove the above-entitled action from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446.

As required by 28 U.S.C. § 1446(d), a Notice to State Court of Removal of Civil Action to Federal Court, along with a copy of this Notice of Removal, will be promptly filed in the Superior Court of the State of California, County of Orange. A copy of the Notice to State Court without attachments is attached hereto as **Exhibit 1**. A copy of the Notice to State Court will also be promptly served upon Plaintiff's counsel.

In support of this Notice of Removal, Defendants state the following:

## I. PROCEDURAL HISTORY

1. On February 18, 2021, Plaintiff Leonard Maldonado ("Plaintiff") filed a Complaint (the "Complaint") in the Superior Court of the State of California, County of Orange, styled *Leonard P. Maldonado v. Sterling Jewelers Inc., et al.*, Case No. 30-2021-01185124-CU-WT-CJC (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit 2**. Defendant received service of the Complaint on or about March 12, 2021.

2. Defendant filed its Answer (the "Answer") to the Complaint on April 9, 2021. A true and correct copy of the Answer is attached hereto as **Exhibit 3**.

3. To the best of Defendant's knowledge, no other proceedings related hereto have been heard in the Orange County Superior Court.

4. Pursuant to 28 U.S.C. § 1446(a), the attached exhibits constitute all process, pleadings, and orders filed or served in the State Court Action.

## II. STATEMENT OF JURISDICTION

### A. <u>Diversity Of The Parties</u>

5. Plaintiff is a resident and citizen of the State of California. (Complaint ¶ 1).

6. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be determined to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-93 (2010). Defendants Sterling Jewelers Inc. (also named as Sterling Jewelers Inc. dba Kay Jewelers) and Sterling Jewelers Insurance Agency Inc. are corporations organized under the laws of the State of Delaware and their principal places of business are in Akron, Ohio. *See*

URL at http://businesssearch.sos.ca.gov (using Corporation Name search "Sterling Jewelers Inc." and "Sterling Jewelers Insurance Agency Inc."); *see also* Declaration of Paula Spalla ("Spalla Decl."), attached hereto as **Exhibit 4** at ¶ 2. Defendant Signet Jewelers Limited is a public company incorporated and with its principal offices located in Bermuda. (Spalla Decl. ¶ 3.)[1] Defendants are neither incorporated in California, nor do they have a principal place of business in California. *Id.* Therefore, for purposes of diversity jurisdiction, Defendants are not citizens of California.

7. Plaintiff has named additional fictitious defendants or entities ("Kay Jewelers" and "Does 1-100") in his Complaint. Kay Jewelers is a trade name used by Defendant Sterling Jewelers Inc. and is not a legal entity. (Spalla Decl. ¶ 5.) "[I]n determining whether a civil action is removable under [28 U.S.C. § 1332(a)], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

**B. <u>Amount In Controversy</u>**

8. Defendants deny Plaintiff's claims of wrongdoing and requests for relief; however, based on the allegations on the face of the Complaint, the amount in controversy exceeds the jurisdictional threshold of $75,000.

9. Plaintiff's Complaint does not specify a particular amount of damages for his causes of action, but does aver that the amount demanded exceeds $25,000. (*See* Complaint at Prayer for Relief).

10. Where a complaint does not state the amount in controversy, the removing defendant must establish by a preponderance of the evidence – *i.e.*, that it is "more likely than not" – that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). This burden is not "daunting" and does not obligate a removing defendant to "research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph*

[1] Plaintiff was not employed by either Defendant Sterling Jewelers Insurance Agency Inc. or Defendant Signet Jewelers Limited. Signet Jewelers Limited is a parent company of Sterling Jewelers, Inc. and has no employees. Sterling Jewelers Insurance Agency, Inc. is completely unrelated to Plaintiff's employment. As such, Sterling Jewelers Insurance Agency Inc. and Signet Jewelers Limited are not proper parties. (Spalla Decl. ¶ 4).

*Lauren Corp*., 536 F. Supp. 2d 1199, 1204-1205 (E.D. Cal. 2008). "The 'ultimate inquiry' is what amount is put 'in controversy' by the plaintiff's complaint, not what the defendant will actually owe." *Id.* (*quoting Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

11. In determining whether it is more likely than not that the amount in controversy exceeds $75,000, a court can consider: (a) the allegations in the complaint, facts in the removed petition, and any summary-judgment-type evidence that is submitted; (b) jury verdicts involving similar allegations and claims; (c) emotional distress damages; (d) punitive damages, if they are recoverable as a matter of law;[2] and (e) attorneys' fees, if they are authorized by statute. *See, e.g.*, *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 947 (9th Cir. 2001); *Perez v. Baxter Healthcare Corp.*, No. 2:12-cv-08075, 2012 U.S. Dist. LEXIS 160051, at *4–*5 (C.D. Cal. Oct. 31, 2012). A district court may also make estimates of the amount in controversy. *Tiffany v. O'Reilly Auto. Stores, Inc.*, No. CIV. S-13-0926, 2013 U.S. Dist. LEXIS 130082, at *6 (E.D. Cal. Sept. 11, 2013).

12. Plaintiff seeks economic damages for losses in earnings and future earning capacity. (Complaint ¶¶ 18, 31, 38, 46, 52, 59, 67, 74, 81, 86, 99, Prayer for Relief). Plaintiff's hourly rate at the time of his termination was $13.50. (Spalla Decl. ¶ 7). During his employment, Plaintiff worked an average of 38.74 hours per week. *Id.* At the time of removal, Plaintiff is approximately 112 weeks removed from his February 2019 termination. (Complaint ¶ 14). Thus, the back pay that he seeks to recover already amounts to $58,574.88 (112 x 38.74 x $13.50). If trial in this matter were set for mid-April 2022, Plaintiff's back pay damages alone would amount to $85,770.36, calculated as $13.50 x 38.74 x 52 weeks between removal and mid-April 2022 = $27,195.48; $27, 195.48 + 58,574.88 = $85,770.36. (Spalla Decl. ¶ 7). *See Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC (RNBx), 2014 U.S. Dist. LEXIS 76351, at *10-11 (C.D. Cal. May 30, 2014) (considering back wages between removal and trial for amount in controversy).

---

[2] Punitive damages are available under the California Fair Employment and Housing Act and the California Family Rights Act. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002); *Clemens v. Prot. One, Inc.*, No. 09cv1424 L(CAB), 2010 U.S. Dist. LEXIS 35636, at *8 (S.D. Cal. Apr. 12, 2010).

13. Plaintiff additionally seeks damages for lost benefits. (Complaint ¶¶ 18, 31, 38, 46, 52, 59, 67, 86, 99). *See McGowan v. Dollar Tree, Inc.*, No. ED CV 17-0702 FMO (SPx), 2017 U.S. Dist. LEXIS 79865, at *5 (C.D. Cal. May 24, 2017) (finding that the amount in controversy threshold was met by aggregating plaintiff's estimated damages for lost wages, **lost benefits**, emotional distress, and mental pain and anguish)**;** *Simmons v. PCR Tech.*, No. C 02-1504 MHP, 2002 U.S. Dist. LEXIS 11893, at *14 (N.D. Cal. Mar. 28, 2002) (taking into account plaintiff's medical expenses when assessing the amount in controversy).

14. Plaintiff also seeks non-economic damages. (Complaint ¶¶ 19, 32, 39, 47, 53, 60, 68, 73, 80, 87, Prayer for Relief.) When considering emotional distress damages for the amount in controversy analysis, courts look to "damages awarded in similar cases in the geographic area." *Amado v. U.S. Bancorp*, No. SACV 15-00871-JLS (DFMx), 2015 U.S. Dist. LEXIS 128730, at *5 (C.D. Cal. Sept. 24, 2015). Courts throughout the Ninth Circuit have regularly held that emotional distress damages in employment cases can be substantial, often exceeding $75,000. *See, e.g., Greta L. Anderson v. American Airlines Inc.*, No. 3:05-cv-04292-SI, 2008 Jury Verdicts LEXIS 35822 (N.D. Cal. July 17, 2008) ($1,000,000 non-economic damages award to plaintiff alleging disability discrimination and retaliation under the FEHA and wrongful termination in violation of public policy); *see also Hurd v. Am. Income Life Ins.*, No. CV-13-05205 RSWL-MRW, 2013 U.S. Dist. LEXIS 147849, at *17 (C.D. Cal. Oct. 10, 2013) ("Punitive damages and emotional distress damages in disability discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum.")

15. Plaintiff also seeks punitive damages (Complaint ¶¶ 20, 33, 41, 49, 55, 62, 70, 75, 82, 88, Prayer for Relief), and it is "well established that punitive damages are part of the amount in controversy for a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). The Central District has held that punitive damages in employment cases can regularly exceed $200,000 and "may alone satisfy the amount in controversy." *Castle v. Lab. Corp. of Am.*, 2017 U.S. Dist. LEXIS 73701, at *14-15 (*citing Ko v. Square Group, LLC*, Case No. BC 487739 (Sup. Ct. Cal. June 16, 2014) (disability discrimination case; punitive damages $500,000); *see also Hurd v. Am. Income Life Ins.*, No. CV-13-05205 RSWL-MRS, 2013 U.S. Dist. LEXIS 147849,

2013 WL 5575073, at *7 (C.D. Cal. Oct. 10, 2013) ("Punitive damages and emotional distress damages in disability discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum.")

16. Finally, Plaintiff also seeks attorney's fees. (Complaint ¶¶ 21, 34, 40, 48, 54, 61, 69, 76, 100, Prayer for Relief.) Attorneys' fees may be included in the amount in controversy if recoverable by statute or contract. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). Attorney's fees are recoverable as a matter of right to the prevailing party under the FEHA. *Id.* at 1034. When assessing attorneys' fees for the purpose of determining the amount in controversy, a court should consider "the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." *Id.* at 1035. Applying this principle, California courts have awarded substantial attorneys' fees in employment cases. *See, e.g.*, *Jadwin v. Cty. of Kern*, 767 F. Supp. 2d 1069, 1141 (E.D. Cal. 2011) (awarding prevailing plaintiff under FEHA $573,700 in attorneys' fees); *Leuzinger v. Cty. of Lake*, No. C-06-00398, 2009 U.S. Dist. LEXIS 29843, at *31 (N.D. Cal. Mar. 30, 2009) (awarding prevailing plaintiff $735,500 in attorneys' fees in FEHA action). Accordingly, numerous courts have found that the amount of attorneys' fees that can be reasonably anticipated in an employment case puts the amount in controversy at an amount greater than $75,000. *See Simmons* at 1035.

17. The amount of Plaintiff's alleged economic damages coupled with the amount of non-economic and punitive damages and attorneys' fees Plaintiff has the potential to claim, demonstrate that the amount in controversy for all of Plaintiff's causes of action is well in excess of $75,000. Defendants have therefore satisfied their burden of establishing by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.

18. Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy threshold has been met and complete diversity of citizenship exists between Plaintiff and Defendants, provided Plaintiff has stated a claim and further that Plaintiff has not caused any procedural defects to have been made. This case meets all of the requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

**III. PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

19. Pursuant to 28 U.S.C. § 1446(b), Defendants filed this removal within 30 days of its first receipt of a copy of the Complaint, Summons, and Civil Case Cover Sheet in the State Court Action. Service was perfected on or about March 12, 2021.

20. Venue is proper in the Southern Division of the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(c)(2), 1391(b)(2), and 1441. (Complaint ¶¶ 1).

21. Sterling Jewelers Inc., Sterling Jewelers Insurance Agency Inc., and Signet Jewelers Limited are the only named Defendants and they consent to this Removal as evidenced by the signature of its counsel below.

22. As required by 28 U.S.C. § 1446(d), a Notice to State Court of Removal of Civil Action to Federal Court, along with a copy of this Notice of Removal, will be promptly filed in the Superior Court for the State of California, for the County of Orange. A copy of the Notice to State Court of Removal of Civil Action to Federal Court without exhibits is attached hereto as **Exhibit 1**. A copy of the Notice to State Court of Removal of Civil Action to Federal Court will also be promptly served upon Plaintiff's counsel.

23. By filing this Notice of Removal, Defendants do not waive any of their affirmative or other defenses, including, but not limited to, its right to move to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure.

24. Pursuant to Local Rule 7.1-1, a Notice of Interested Parties is being filed concurrently with this Notice of Removal of Civil Action to Federal Court.

**WHEREFORE**, Defendants respectfully request that this matter be removed from the Superior Court of the State of California, for the County of Orange, to the United States District Court for the Central District of California, Southern Division, and that all proceedings hereafter in this matter take place in the United States District Court for the Central District of California, Southern Division.

Dated: April 12, 2021



*/s/ Cory Catignani*
Cory D. Catignani

**PROOF OF SERVICE**

STATE OF CALIFORNIA
COUNTY ORANGE

I am employed in the County of Orange, State of California; I am over the age of 18 and not a party to the within action; my business address is 4675 MacArthur Court, Suiter 700, Newport Beach, California 92660.

On April 12, 2021, I served the foregoing document(s) described as:

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1332(a), 1441, AND 1446**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED LIST**

___ (BY MAIL) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Cincinnati, OH. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

_____ (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

_____ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

XX (BY ELECTRONIC MAIL) I caused such document to be delivered via E-Mail to the offices of the addressees at the following E-Mail addresses: (see attached list).

_____ (BY FACSIMILE) I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number: ____________________

Executed this 12th day of April, 2021, at Newport Beach, CA.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

E. Papania

**SERVICE LIST**

*Leonard P. Maldonado v. Sterling Jewelers Inc., et al.*
*Case No.* 30-2021-01185124-CU-WT-CJC

Michael Zelman, Esq.
mzelman@scllgpc.com
Taylor M. Prainito, Esq.
tprainito@scllgpc.com
Southern California Labor Law Group, PC
1875 Century Park East, Suite 480
Los Angeles, California 90067

Attorneys for Plaintiff