Electronically Filed by Superior Court of California, County of Orange, 02/18/2021 09:13:38 PM.
30-2021-01185124-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Mauricio Luna, Deputy Clerk.
Case 8:21-cv-00698-DOC- Document 1-2 Filed 04/12/21 Page 1 of 23 Page ID #:15

# EXHIBIT 2

Michael Zelman (SBN 297682)
mzelman@scllgpc.com
Taylor M. Prainito (SBN 286965)
tprainito@scllgpc.com
**SOUTHERN CALIFORNIA LABOR LAW GROUP, PC**
1875 Century Park East, Suite 480
Los Angeles, CA 90067
Telephone: (424) 231-2366
Facsimile:  (323) 319-5148


Attorneys for Plaintiff,
LEONARD P. MALDONADO

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

|  |  |
|---|---|
| LEONARD P. MALDONADO,<br><br>vs.<br><br>STERLING JEWELERS INC., a California Corporation; STERLING JEWELERS INSURANCE AGENCY INC., a California Corporation; STERLING JEWELERS, INC. DBA KAY JEWELERS, an Unknown Entity; KAY JEWELERS, an Unknown Entity; SIGNET JEWELERS LIMITED, an Unknown Entity and DOES 1-100, inclusive,<br><br>      Defendants. | Case No.:   Assigned for all purposes<br>Judge Nathan Scott<br>30-2021-01185124-CU-WT-CJC<br><br>**PLAINTIFF LEONARD P. MALDONADO'S COMPLAINT FOR DAMAGES FOR:**<br><br>**(1) DISCRIMINATION ON THE BASIS OF AGE IN VIOLATION OF FEHA;**<br><br>**(2) DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF FEHA;**<br><br>**(3) FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF FEHA;**<br><br>**(4) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS;**<br><br>**(5) RETALIATION FOR ENGAGING IN A PROTECTED ACTIVITY IN VIOLATION OF FEHA;**<br><br>**(6) FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION IN VIOLATION OF FEHA**<br><br>**(7) WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY;**<br><br>**(8) UNLAWFUL WHISTLEBLOWER** |

)
)   RETALIATION IN VIOLATION OF
)   LABOR CODE § 1102.5;
)
)   **(9)** INTENTIONAL INFLICTION OF
)        EMOTIONAL DISTRESS;
)
)   **(10)** FAULURE TO PAY ALL WAGES DUE
)         UPON TERMINATION; and
)
)   **(11)** VIOLATION OF BUSINESS AND
)         PROFESSIONS CODE § 17200, *et seq.*
)
)   **DEMAND FOR JURY TRIAL**
)
)
)
)
)
)
)
)
)
)
)

Plaintiff, LEONARD P. MALDONADO, alleges, on the basis of personal knowledge and/or information and belief:

## SUMMARY

This is an action by LEONARD P. MALDONADO, ("plaintiff" or "MALDONADO"), whose employment with defendants STERLING JEWELERS INC., a California Corporation; STERLING JEWELERS INSURANCE AGENCY INC., a California Corporation; STERLING JEWELERS, INC. DBA KAY JEWELERS, an Unknown Entity; KAY JEWELERS, an Unknown Entity; SIGNET JEWELERS LIMITED, an Unknown Entity was wrongfully terminated. Plaintiff brings this action against defendants for economic, non-economic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Government Code section 12965(b) and Code of Civil Procedure section 1021.5.

## PARTIES

1. *Plaintiff:*  Plaintiff LEONARD P. MALDONADO is, and at all times mentioned in this Complaint was, a resident of the County of Orange, California.

2. *Defendants:*

a. Defendant Sterling Jewelers Inc., is California Corporation, that is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in California.

a. Defendant Sterling Jewelers Insurance Agency Inc., is a California Corporation, that is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in California.

b. Defendant Sterling Jewelers, Inc. DBA Kay Jewelers, is believed to a corporation whose state if incorporation is unknown. At all times mentioned in this Complaint, it is believed that it was and is, authorized to operate by the State of California and the United States government and authorized and qualified to do business in California.

c. Defendant Kay Jewelers, is believed to a corporation whose state if incorporation is unknown. At all times mentioned in this Complaint, it is believed that it was and is, authorized to operate by the State of California and the United States government and authorized and qualified to do business in California.

d. Defendant Signet Jewelers Limited, is believed to a corporation whose state if incorporation is unknown. At all times mentioned in this Complaint, it is believed that it was and is, authorized to operate by the State of California and the United States government and authorized and qualified to do business in California.

e. Defendants Does 1 through 100 are sued under fictitious names pursuant to Code of Civil Procedure section 474.  Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the

course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants.

2.   Sterling Jewelers Inc., Sterling Jewelers Insurance Agency Inc., Sterling Jewelers, Inc. DBA Kay Jewelers, Kay Jewelers, Signet Jewelers Limited, and Doe defendants 1 to 100 may be collectively referred to as "defendants."

3.   *Relationship of defendants:*

a.   All defendants and all Doe defendants directly and/or indirectly employed plaintiff, as defined under the regulations, statutes, and interpreting case law, including California Government Code section 12926(d).

b.   All defendants and all Doe defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged throughout, which is prohibited under California Government Code section 12940(i).

c.   All defendants and all Doe defendants were acting as the agents of all other defendants and employers, as defined under the regulations, statutes, and interpreting case law, including California Government Code section 12926(d).

d.   All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, on behalf of all defendants, and engaged in, authorized, ratified, and approved of the conduct of all other defendants.

e.   Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, all defendants, and each of them, were the principals, agents, servants, employers, employees, partners, joint venturers, predecessors in interest, successors in interest, and/or authorized representatives of each of the other defendants, were at all times relevant herein acting within the purpose, course and scope of their agency, service, employment, partnership, joint venture, and/or representation, and were doing so with the knowledge, permission, and consent of their principals, employers, partners, joint venturers, and co-defendants, and each of them. Plaintiff further alleges that each and every defendant was negligent, careless, and legally liable in the selection and hiring of each and every other defendant as its agent, servant, employee, consultant, assistant, representative, partner, and/or joint venturer.

f.   All defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California Government Code section 12940(i).  All defendants were responsible for the events and damages alleged herein, including on the following bases:  (a) defendants committed the acts alleged; (b) at all relevant times, one or more of the defendants was the agent or employee, and/or acted under the control or supervision of, one or more of the remaining defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the defendants such that any individuality and separateness between or among those defendants has ceased, and defendants are the alter egos of one another.  Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist.  Adherence to the fiction of the separate existence of defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, were taken on behalf of all defendants, and were engaged in, authorized, ratified, and approved of by all other defendants.

g.   Defendants directly and indirectly employed plaintiff MALDONADO, as defined in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

h.   In addition, defendants compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

4.   Finally, at all relevant times mentioned herein, all defendants acted as agents of all other defendants in committing the acts alleged herein.

## VENUE

5.   Some of the actions at issue in this case occurred in the State of California, in the County of Orange.  Under the California Fair Employment and Housing Act, this case can alternatively, at plaintiff's choice, be filed:

> [I]n any county in the state in which the unlawful practice is alleged to have been committed, in the county in which the records relevant to the practice are maintained . . . or in the county in which the aggrieved person would have worked . . .

California Government Code § 12965(b) (emphasis added).

6.   Plaintiff worked in California, and at times, conducted certain job duties in the County of Orange.

## FACTS COMMON TO ALL CAUSES OF ACTION

7.   *Plaintiff's protected status and activity:*

a.   Plaintiff is more than 40 years old.

b.   Plaintiff suffered from a disability and/or medical condition.

c.   Plaintiff made good faith complaints about the discrimination and harassment he experienced while employed by defendants to defendants' human resources department and to his supervisors and/or managers.  Plaintiff also reported what he believed to be illegal activity, including, but not limited to violations of wage and hour statutes to defendants.

8.   MALDONADO began his employment with Defendants at the Brea Mall location on January 15, 2018, after interviewing with store manager Robina Canales. As sales associate, MALDONADO excelled early and became a top seller at his location for the duration of his employment. When hired, MALDONADO was promised an hourly rate plus commissions based on his sales.

9.   Though he was a top seller, MALDONADO experienced commission theft often as the managers would force him to hand off customers to another associate in an attempt to push customers into predatory loans. Even when the customers continued to refuse the loans, management would force MALDONADO to split his commissions with as many as five (5) employees including management, even though he had completed the entire sale without any other employee's involvement.

10.   MALDONADO complained about Defendants' practice of stealing commissions, hoping that they would recognize his impressive numbers and be supportive. Instead, rather than

address the wage theft, Defendants retaliated against MALDONADO by sending him to training over the weekend in the Inland Empire, far from his branch. Though promised reimbursement for his travel mileage, Defendants never provided it. Defendants also threatened MALDONADO with termination and forced him to sign documents or face termination.

11.   MALDONADO also complained about predatory lending practices in which Spanish Speaking customers were tricked into applying for credit applications. These loans that were forced on customers likely created lasting financial difficulties for many families, even though they had no idea what they were agreeing to.

12.   In October of 2018, MALDONADO experienced severe pain in his legs, after standing for long periods on a ladder as he put up the holiday decorations for the store. He requested to see a doctor when he was barely able to stand. MALDONADO then had to go to the ER where he was diagnosed with knee infusions and prescribed to take the following day off work off. When he informed Defendants that he needed the following day off on the advice of the doctor, Defendants responded that there was nobody who could cover his shift so he would need to work. Being a dedicated employee, MALDONADO went against his doctor's orders and appeared for work out of fear of losing his job.

13.   Throughout his employment, MALDONADO was forced to work off the clock. After clocking out each day, he would be tasked with accumulating the trash and taking out to the dumpster. MALDONADO complained about working off the clock.

14.   In February of 2019, MALDONADO had a successful month. On Valentines' day, he had the highest sales and credit applications. Nevertheless, Defendants retaliated against MALDONADO by terminating his employment on February 19, 2019, due to his complaints of illegal practices, medical condition, requests for accommodation, and age. MALDONADO WAS 57 years old at the time, one of the oldest employees at the Brea location.

15.   Defendants' stated reason for terminating him, a layoff, was false and mere pretext as defendants' real reason for terminating MALDONADO's employment was for wrongful, illegal, discriminatory and/or retaliatory purposes related to his medical condition/disability, age, requests for accommodation and his good faith complaints regarding discrimination, harassment,

retaliation, and/or other conduct that MALDONADO reasonably believed to be illegal.

16.   Following the termination, MALDONADO suffered severe symptoms of emotional distress including, but not limited to depression, anxiety, stress, headaches, and weight loss.

17.   MALDONADO did not receive his final paycheck until months after his termination, and the final pay did not include all commissions that were due to him.

18.   *Economic damages:*  As a consequence of defendants' conduct, plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, stock options, damage to his career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

19.   *Non-economic damages:*  As a consequence of defendants' conduct, plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

20.   *Punitive damages:*  Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles plaintiff to an award of exemplary and/or punitive damages.

a.   *Malice:*  Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) defendants acted with intent to cause injury to plaintiff and/or acted with reckless disregard for plaintiff's injury, including by terminating plaintiff's employment and/or taking other adverse job actions against plaintiff because of his age, disability, and/or good faith complaints, and/or (b) defendants' conduct was despicable and committed in willful and conscious disregard of plaintiff's rights, health, and safety, including plaintiff's right to be free of discrimination, harassment, retaliation, and wrongful employment termination.

b.   *Oppression:*  In addition, and/or alternatively, defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that defendants' actions against plaintiff because of his age, disability, and/or good faith complaints were "despicable" and subjected plaintiff to cruel and unjust hardship, in knowing disregard of

plaintiff's rights to a work place free of discrimination, harassment, retaliation, and wrongful employment termination.

c. *Fraud:*  In addition, and/or alternatively, defendants' conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that defendants asserted false (pretextual) grounds for terminating plaintiff's employment and/or other adverse job actions, thereby to cause plaintiff hardship and deprive him of legal rights.

21. *Attorneys' fees:*  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

22. *Exhaustion of administrative remedies:*  Prior to filing this action, plaintiff exhausted his administrative remedies by filing a timely administrative complaint with the Department of Fair Employment and Housing ("DFEH") and receiving a DFEH right-to-sue letter.

**FIRST CAUSE OF ACTION**

**(Violation of FEHA (Government Code § 12900, *et seq.*) (Age Discrimination)—Against Defendants Sterling Jewelers Inc., Sterling Jewelers Insurance Agency Inc., Sterling Jewelers, Inc. DBA Kay Jewelers,  Kay Jewelers, Signet Jewelers Limited and Does 1 to 100, Inclusive)**

23. The allegations set forth in paragraphs 1 through 22 are re-alleged and incorporated herein by reference.

24. At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on defendants.  This statute requires defendant to refrain from discriminating against any employee because he or she is more than 40 years old.  Within the time provided by law, plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

25. During plaintiff's employment with defendants, defendants, through their supervisors, engaged in actions that had a negative impact on the treatment of employees who were more than 40 years old.  Specifically, defendants discharged older employees with greater frequency than

younger employees, hired fewer employees who were older than 40, and gave better jobs and benefits to younger employees.

26. During plaintiff's employment with defendants, defendants intentionally engaged in age discrimination by discharging employees over the age of 40 with greater frequency than other employees. During plaintiff's employment with defendants, defendants had a pattern and practice of discriminating against employees who were more than 40 years old.

27. Plaintiff was a qualified employee at the time of the termination of his employment and was more than 40 years old. Defendants continued to hire younger employees to replace the older employees whom they were discharging or otherwise forcing out of the company. Defendants replaced Plaintiff with a younger employee, under 40 years old, after terminating Plaintiff. All of defendants' conduct raises an inference of discrimination.

28. Defendants, through their managers and supervisors, made a number of comments to and about plaintiff and made staffing decisions and/or transfers that exhibited ageist motivations, intentions, and consciousness. Plaintiff believes and, on that basis, alleges that defendants' real motivation was to discharge him because of his age.

29. Defendants' conduct, as alleged, violated FEHA, and defendants committed unlawful employment practices, including by the following, separate bases for liability:

a. Discharging, barring, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against plaintiff, in whole or in part on the basis of plaintiff's age and/or other protected characteristics, in violation of Government Code section 12940(a);

b. Harassing plaintiff and/or creating a hostile work environment, in whole or in part on the basis of plaintiff's age and/or other protected characteristics, in violation of Government Code section 12940(j);

c. Failing to take all reasonable steps to prevent discrimination and harassment based on age and/or other protected characteristics, in violation of Government Code section 12940(k);

d. Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, in violation of Government Code section 12940(h).

30.   On the basis of the above, plaintiff believes and alleges that his age was a substantial motivating factor in defendants' termination of his employment.

31.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

32.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

33.   Defendants' discrimination was done intentionally, in a malicious, fraudulent, oppressive manner, entitling plaintiff to punitive damages.

34.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

**SECOND CAUSE OF ACTION**

**(Violation of FEHA (Government Code § 12900, *et seq.*)**

**(Disability Discrimination)—Against Defendants Sterling**

**Jewelers Inc., Sterling Jewelers Insurance Agency Inc., Sterling**

**Jewelers, Inc. DBA Kay Jewelers,  Kay Jewelers, Signet Jewelers**

**Limitedand Does 1 to 100, Inclusive)**

35.   The allegations set forth in paragraphs 1 through 34 are re-alleged and incorporated herein by reference.

36.   Plaintiff's actual, perceived, and/or history of disability and/or other characteristics protected by FEHA, Government Code section 12900, *et seq.,* were motivating factors in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, to refuse to accommodate plaintiff, to refuse to engage in the interactive process, and/or to take other adverse job actions against plaintiff.

37.   Defendants' conduct, as alleged, violated FEHA, Government Code section 12900,

*et seq.,* and defendants committed unlawful employment practices, including by the following, separate bases for liability:

a.   Discharging, barring, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against plaintiff, in whole or in part on the basis of plaintiff's actual, perceived, and/or history of disability and/or other protected characteristics, in violation of Government Code section 12940(a);

b.   Failing to accommodate plaintiff's actual, perceived, and/or history of disability, in violation of Government Code section 12940(m);

c.   Failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Government Code section 12940(n);

d.   Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on actual, perceived, and/or history of disability, in violation of Government Code section 12940(k);

e.   Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, including rights of reasonable accommodation, rights of interactive process, leave rights, and/or the right to be free of discrimination, in violation of Government Code section 12940(h);

f.   Failing to provide plaintiff with requisite statutory leave, violating notice and/or other procedural requisites of leave, and/or retaliating against plaintiff for taking leave, in violation of Government Code section 12945.2.

38.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

39.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

40.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable

attorneys' fees and costs (including expert costs) in an amount according to proof.

41.  Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive manner, and fraudulent manner, entitling plaintiff to punitive damages against defendants.

### THIRD CAUSE OF ACTION

### (Violation of FEHA (Government Code § 12940(a), (i), (m), (n)) (Failure to Provide Reasonable Accommodation)—Against Defendants Sterling Jewelers Inc., Sterling Jewelers Insurance Agency Inc., Sterling Jewelers, Inc. DBA Kay Jewelers,  Kay Jewelers, Signet Jewelers Limited and Does 1 to 100, Inclusive)

42.  The allegations set forth in paragraphs 1 through 41 are re-alleged and incorporated herein by reference.

43.  At all times herein mentioned, FEHA, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on defendants.  This statute requires defendants to provide reasonable accommodations to known disabled employees.  Within the time provided by law, plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

44.  Defendants wholly failed to attempt any reasonable accommodation of plaintiff's known disability.  Defendants used plaintiff's disability and his need to take medical leave as an excuse for terminating plaintiff's employment.

45.  Plaintiff believes and, on that basis, alleges that his disability and the need to accommodate his disability were substantial motivating factors in defendants' termination of his employment.

46.  As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

47.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

48.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

49.   Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive manner, and fraudulent manner, entitling plaintiff to punitive damages against defendants.

## FOURTH CAUSE OF ACTION

**(Violation of FEHA (Government Code § 12900, *et seq.*) (Failure to Engage in Interactive Process)—Against Defendants Sterling Jewelers Inc., Sterling Jewelers Insurance Agency Inc., Sterling Jewelers, Inc. DBA Kay Jewelers,  Kay Jewelers, Signet Jewelers Limited and Does 1 to 100, Inclusive)**

50.   The allegations set forth in paragraphs 1 through 49 are re-alleged and incorporated herein by reference.

51.   Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.,* and defendants committed unlawful employment practices, including by the following bases for liability:  failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Government Code section 12940(n).

52.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

53.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

54. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

55. Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive manner, and fraudulent manner, entitling plaintiff to punitive damages against defendants.

## FIFTH CAUSE OF ACTION

### (Violation of FEHA (Government Code § 12900, *et seq.*)

### (Retaliation for Engaging in a Protected Activity)—Against

### Defendants Sterling Jewelers Inc., Sterling Jewelers Insurance

### Agency Inc., Sterling Jewelers, Inc. DBA Kay Jewelers,  Kay

### Jewelers, Signet Jewelers Limited and Does 1 to 100, Inclusive)

56. The allegations set forth in paragraphs 1 through 55 are re-alleged and incorporated herein by reference.

57. Plaintiff's engagement in protected activity, including good faith complaints and/or opposition to discrimination and harassment based on age, disability, and/or good faith complaints protected by FEHA, Government Code section 12900, *et seq.,* as well as to defendants' failure to accommodate his disability and failure to engage in the interactive process, were motivating factors in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, and/or to take other adverse job actions against plaintiff.

58. Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.,* and defendants committed unlawful employment practices, including by the following, separate bases for liability:

    a.   Demoting, discharging, barring, refusing to retain, refusing to transfer, hire, select, and/or employ, and/or otherwise discriminating against plaintiff, in whole or in part on the basis of plaintiff's age, disability, good faith complaints and/or other protected characteristics by

FEHA, Government Code section 12900, *et seq.,* in violation of Government Code section 12940(a);

b.   Harassing plaintiff and/or creating a hostile work environment, in whole or in part on the basis of plaintiff's age, disability, good faith complaints and/or other protected characteristics, in violation of Government Code section 12940(j);

c.   Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on age, disability, and/or good faith complaints in violation of Government Code section 12940(k);

d.   Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, including rights of reasonable accommodation, rights of interactive process, leave rights, and/or the right to be free of discrimination, in violation of Government Code section 12940(h);

e.   Failing to accommodate plaintiff's actual, perceived, and/or history of disability, in violation of Government Code section 12940(m);

f.   Failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Government Code section 12940(n);

g.   Creating a hostile work environment, in whole or in part on the basis of plaintiff's actual, perceived, and/or history of disability and/or other protected characteristics, in violation of Government Code section 12940(j);

h.   Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, including rights of reasonable accommodation, rights of interactive process, leave rights, and/or the right to be free of discrimination, in violation of Government Code section 12940(h);

i.   Failing to provide plaintiff with requisite statutory leave, violating notice and/or other procedural requisites of leave, and/or retaliating against plaintiff for taking leave, in violation of Government Code section 12945.2.

59.   As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and

other employment benefits.

60.   As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

61.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

62.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, oppressive manner, entitling plaintiff to punitive damages against defendants.

**SIXTH CAUSE OF ACTION**

**(Failure to Prevent Discrimination, Harassment, and**

**Retaliation in Violation of FEHA (Government Code**

**§ 12940(k))—Against Defendants Sterling Jewelers**

**Inc., Sterling Jewelers Insurance Agency Inc., Sterling**

**Jewelers, Inc. DBA Kay Jewelers,  Kay Jewelers,**

**Signet Jewelers Limited and Does 1 to**

**100, Inclusive)**

63.   The allegations set forth in paragraphs 1 through 62 are re-alleged and incorporated herein by reference.

64.   At all times herein mentioned, FEHA, Government Code section 12940(k), was in full force and effect and was binding on defendants.  This statute states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."  Prior to filing the instant Complaint, plaintiff filed a timely administrative charge with the DFEH and received a right-to-sue notice.

65.  During the course of plaintiff's employment, defendants failed to prevent their employees from engaging in intentional actions that resulted in plaintiff's being treated less favorably because of plaintiff's protected status (*i.e.,* his age, disability, and/or participation in

protected activities and/or her good faith complaints and opposition).  During the course of plaintiff's employment, defendants failed to prevent their employees from engaging in unjustified employment practices against employees on the basis of such protected classes.  During the course of plaintiff's employment, defendants failed to prevent a pattern and practice by their employees of intentional discrimination on the basis of engagement in protected activity and protected status.

66.   Plaintiff believes and on that basis alleges that his protected status and/or engagement in a protected activity was a substantial motivating factor in defendants' employees' discrimination and retaliation against him.

67.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

68.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

69.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

70.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, oppressive manner, entitling plaintiff to punitive damages against defendants.

//


//


//

**SEVENTH CAUSE OF ACTION**

**(Wrongful Termination of Employment in Violation of Public**

**Policy (Labor Code § 1102.5; FEHA, Government Code § 12900,**

***et seq.*)—Against Defendants Sterling Jewelers Inc., Sterling**

**Jewelers Insurance Agency Inc., Sterling Jewelers, Inc. DBA**

**Kay Jewelers,  Kay Jewelers, Signet Jewelers Limited, and Does**

**1 to 100, Inclusive)**

71.   The allegations set forth in paragraphs 1 through 70 are re-alleged and incorporated herein by reference.

72.   Defendants terminated plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws.  Specifically, plaintiff's employment was terminated in part because of his protected status (*i.e.,* his age, disability, and/or good faith complaints).   These actions were in violation of FEHA, the California Constitution, and California Labor Code section 1102.5.

73.   As a proximate result of defendants' wrongful termination of plaintiff's employment in violation of fundamental public policies, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

74.   As a result of defendants' wrongful termination of his employment, plaintiff has suffered general and special damages in sums according to proof.

75.   Defendants' wrongful termination of plaintiff's employment was done intentionally, in a malicious, fraudulent, oppressive manner, entitling plaintiff to punitive damages.

76.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, *et seq., plain*tiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

//

## EIGHTH CAUSE OF ACTION

### (Violations of Labor Code § 1102.5, *et seq.*—

### Against All Defendants and Does 1 to 100, Inclusive)

77.   The allegations set forth in paragraphs 1 through 76 are re-alleged and incorporated herein by reference.

78.   At all relevant times, Labor Code section 1102.5 was in effect and was binding on defendants.  This statute prohibits defendants from retaliating against any employee, including plaintiff, for raising complaints of illegality.

79.   Plaintiff raised complaints of illegality while he worked for defendants, and defendants retaliated against him by terminating his employment.

a.   Specifically, plaintiff reported the unlawful discrimination and retaliation he was experiencing from defendants on the basis of his age, disability and/or good faith complaints.

b.   Plaintiff also reported what he reasonably believed to be unsafe working conditions in violation of OSHA and/or other state laws,  rules, codes, and/or regulations.

80.   As a proximate result of defendants' willful, knowing, and intentional violations of Labor Code section 1102.5, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

81.   As a result of defendants' adverse employment actions against plaintiff, plaintiff has suffered general and special damages in sums according to proof.

82.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, oppressive manner, entitling plaintiff to punitive damages against defendants.

## NINTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress—Against All

### Defendants and Does 1 to 100, Inclusive)

83.   The allegations set forth in paragraphs 1 through 82 are re-alleged and incorporated herein by reference.

84.   Defendants' discriminatory, harassing, and retaliatory actions against plaintiff

constituted severe and outrageous misconduct and caused plaintiff extreme emotional distress.

85.   Defendants were aware that treating plaintiff in the manner alleged above, including depriving him of his livelihood, would devastate plaintiff and cause him extreme hardship.

86.   As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer severe emotional distress.  Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

87.   As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

88.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, oppressive manner, entitling plaintiff to punitive damages.

## TENTH CAUSE OF ACTION

### (Failure to Pay All Wages Upon Termination (Labor
### Code § 203)— Against All Defendants and Does 1 to 100,
### Inclusive)

89.   The allegations set forth in paragraphs 1 through 88 are re-alleged and incorporated herein by reference.

90.   Plaintiff is no longer employed by defendants.

91.   Defendants failed to pay plaintiff sums certain at the time of termination.

92.   Defendants' failure to pay wages, as alleged above, was willful in that defendants knew wages to be due but failed to pay them; this violation entitles plaintiff to penalties under Labor Code section 203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

//

## ELEVENTH CAUSE OF ACTION

### (Violation of Business and Professions Code § 17200, *et seq.*—Against Defendants Sterling Jewelers Inc., Sterling Jewelers Insurance Agency Inc., Sterling Jewelers, Inc. DBA Kay Jewelers,  Kay Jewelers, Signet Jewelers Limited, and Does 1 to 100, Inclusive)

93.   The allegations set forth in paragraphs 1 through 92 are re-alleged and incorporated herein by reference.

94.   Plaintiff brings this case of action on behalf of herself and in his capacity as a private attorney-general.

95.   Defendants, and each of them, have engaged in unfair and unlawful business practices as set forth above.

96.   Business and Professions Code section 17200 *et seq.* prohibits unlawful and unfair business practices.

97.   By engaging in the above-described acts and practices, defendants, and each of them, have committed one or more acts of unfair competition within the meaning of Business and Professions Code section 17200 *et seq.*

98.   Defendants, and each of them, have violated statutes and public policies.  Through the conduct alleged in this complaint, defendants have acted contrary to public policies and have engaged in other unlawful and unfair business practices in violation of Business and Professions Code section 17200 *et seq.*, depriving plaintiff and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

99.   As a direct and proximate result of the aforementioned acts and practices, plaintiff has suffered a loss of money and property in the form of wages and benefits that she would have received as an employee of defendants.

100.   Plaintiff seeks an order of this Court awarding restitution, injunctive relief and all other relief allowed under Business and Professions Code section 17200 *et seq.*, plus interest, attorneys' fees and costs pursuant to, *inter alia*, Code of Civil Procedure section 1021.5.

# PRAYER

WHEREFORE, plaintiff, LEONARD P. MALDONADO, prays for judgment against defendants as follows:

1. For general and special damages according to proof;

2. For exemplary damages, according to proof;

3. For pre-judgment and post-judgment interest on all damages awarded;

4. For reasonable attorneys' fees;

5. For costs of suit incurred;

6. For injunctive relief;

7. For such other and further relief as the Court may deem just and proper.

ADDITIONALLY, plaintiff, LEONARD P. MALDONADO, demands trial of this matter by jury. The amount demanded exceeds $25,000.00 (Government Code § 72055).

Dated:  February 18, 2021

**SOUTHERN CALIFORNIA
LABOR LAW GROUP, P.C.**

By: _____
Michael Zelman, Esq.
Taylor M. Prainito, Esq.
Attorneys for Plaintiff,

LEONARD P. MALDONADO

PLAINTIFF'S COMPLAINT FOR DAMAGES